## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TIFFANY SMITH )
)
       Plaintiff, )
)
   v. )
)      Civil Action No._____
SYNERGY DIRECT )
MORTGAGE, INC. )      JURY TRIAL DEMANDED
)
      Defendant )
)

### COMPLAINT

The Plaintiff, TIFFANY SMITH ("Ms. Smith"), sues the Defendant, SYNERGY

DIRECT MORTGAGE, INC. ("Synergy"), and hereby states and alleges that this action is

brought to remedy discrimination based on gender, including sexual harassment and retaliation,

in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et. seq.*;

as well as corresponding laws and rights under Delaware State law, brought under the pendent

jurisdiction of the Court, arising from a common set of operative facts.

### THE PARTIES

1)    Plaintiff, Tiffany Smith, is an adult woman who resides in the State of Delaware. Ms.

      Smith was employed by Synergy from February 2004 through January 2007.

2)    Defendant, Synergy, is a Delaware business entity who hired, discriminated and retaliated

      against, and constructively discharged Ms. Smith. At all times relevant, Synergy acted

      through its owner and President, Don Scioli ("Mr. Scioli"). Synergy maintains offices

      and may be served at 9 Peddlers Village, Christiana, Delaware 19702.

1

## JURISDICTION AND VENUE

3)   The jurisdiction of this court is invoked pursuant to Section 706(f)(3) of the Civil Rights
     Act of 1964, amended by the Civil Rights Act of 1991, codified at 42 U.S.C. §2000e, *et.
     seq.*, and pursuant to 42 U.S.C. §1891A; the Civil Rights Act of 1991; Pub L. No. 102-
     166, 105 Sta. 1071; and 28 U.S.C. §§1331, 1337, 1343, 2201, and 2202, conferring
     original jurisdiction upon this court of any civil action arising under the laws of the
     United States.

4)   Plaintiff also brings under pendent jurisdiction claims arising under Delaware State Law
     from a common set of operative facts.  Pendent jurisdiction of state law claims is proper
     under 28 U.S.C. §§1331, 1332, and 1337 and the pendent jurisdiction doctrine. F.R.Civ.
     P. 18(a).  United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

5)   Venue properly lies in the District of Delaware pursuant to 28 U.S.C. §1391(b) and
     §1391(e) and 42 U.S.C. §2000(e)-5(f)(3) because the unlawful employment practices
     were committed in this judicial district within the State of Delaware.

6)   Plaintiff fulfilled all conditions precedent to the institution of this action including those
     required pursuant to 42 U.S.C. §2000(e)-16(c), by filing a timely complaint with the
     Equal Employment Opportunity Commission ("EEOC") and the Delaware Department of
     Labor ("DDOL").

7)   Subsequently, the EEOC mailed a notice of the Plaintiff's right to sue which is dated
     March 17, 2008.  Plaintiff files this suit within 90 days of receipt of said notice.

## FACTS COMMON TO ALL COUNTS

8)    Ms. Smith was hired by Synergy in or about February 2004, and started as an independent

contractor or employee, performing commercial cleaning. Previously, Ms. Smith worked

for a contractor doing construction/renovation work at Synergy's offices.

9)    Within a matter of weeks, Ms. Smith became a regular, salaried Synergy employee. Her

initial role was strictly clerical, although she quickly rose to become a loan processor.

Ms. Smith remained a Synergy employee, in a variety of roles and as alternatively a

salaried or hourly employee, until being constructively discharged in January 2007.

10)    In early 2005, in anticipation of her uncompensated pregnancy leave, Ms. Smith

approached Mr. Scioli about a loan,. Mr. Scioli approved a loan in the amount of five

thousand dollars ($5,000). Ms. Smith was never asked to execute any documents

memorializing this loan, and was provided with no instructions on the repayment terms.

Ms. Smith gave birth to her son in April, and returned to work in or about June 2005.

Through this period of her employment Ms. Smith received regular, positive feedback

about her work performance.

11)    Upon her return to work, Ms. Smith approached Mr. Scioli about repayment of the loan.

In response to Mr. Scioli's request, she suggested possible repayment terms. Mr. Scioli

rejected and laughed at her proposal, and informed her that she would have to repay him

by performing sexual favors.

12)    Ms. Smith initially rejected and opposed this method of repayment, however Mr. Scioli

indicated that there were no other acceptable repayment terms. At no time did Ms. Smith

willingly agree; she was forced and coerced into the arrangement.

3

13) Thereafter, on a regular and consistent basis, Mr. Scioli demanded sexual favors from Ms. Smith, and insisted that they be performed in his office and other semi-public venues. In exchange for the performance of these sexual favors Mr. Scioli would provide Ms. Smith with cash or company checks, in various amounts.

14) Ms. Smith never willingly participated in the sexual favors demanded by Mr. Scioli. She tried, on numerous occasions, to end the arrangement. Every time Ms. Smith attempted to end the arrangement Mr. Scioli would degrade, browbeat, and emotionally abuse her, and threaten that she would lose her job and never be able to find another job.

15) As a result of being coerced and forced into these sexual liaisons, Ms Smith began to suffer severe mental and emotional trauma and distress. On one occasion Mr. Scioli forced Ms. Smith into undergoing an abortion, after he learned that she was pregnant (presumably with his child). This event resulted in a suicide attempt by Ms. Smith, after which she was committed briefly to Meadowwood Hospital.

16) In addition to the abuse from Mr. Scioli, and as a result of the sexual arrangement being known within Synergy, Ms. Smith experienced sexual comments, references, and jokes from her co-workers. The common knowledge within Synergy that Ms. Smith was Mr. Scioli's paramour led to her extreme humiliation and embarrassment. As Mr. Scioli is the owner and President of Synergy, Ms. Smith had no one to whom she could turn to complain about his conduct.

4

17)   In September 2006, Miss Smith attempted to end the sexual favors. In response, Mr.
       Scioli provided her with a written disciplinary warning. Prior to this warning Ms. Smith
       received no negative feedback about her performance. Ms. Smith was simultaneously
       demoted to an hourly wage position, resulting in lost compensation.

18)   Following the written warning, and her demotion and loss of compensation, Ms. Smith
       relented to Mr. Scioli's demands and continued to perform sexual favors for Mr. Scioli.
       At no time were these favors performed willingly, but under extreme duress and coercion.
       In December 2006, Miss Smith was finally able to end the sexual arrangement with Mr.
       Scioli. As a result, she received another written disciplinary warning and was suspended
       without pay and permanently lost some of her employment benefits.

19)   Other than the two written warnings that were received after Ms. Smith's attempts to end
       the sexual arrangement, she received no other disciplinary actions.

20)   Up until the time that she ended the sexual arrangement, Mr. Scioli frequently told Ms.
       Smith that she had a bright future with the company, that her job skills had increased
       tremendously, that her dedication had been noted, and that she was doing great work.

21)   In spite of the alleged criticisms of her work, Ms. Smith's 2006 income from Synergy was
       considerable. She received approximately $33,600 in wage income, and over $26,500 in
       miscellaneous income (reported on an IRS Form 1099). Synergy previously characterized
       the miscellaneous income, which was roughly 79% of her regular wage income, as some
       form of bonus. Ms. Smith never received any documentation confirming that the
       additional, miscellaneous income was a bonus.

5

22) During the unpaid suspension Mr. Scioli informed Ms. Smith that she could return to work if she would relent and resume the performance of sexual favors for him. Believing that she had no reasonable alternative, and being unwilling to resume her status as Mr. Scioli's paramour, Ms. Smith declined and quit her position. This employment termination constitutes constructive discharge of her employment.

## COUNT I: SEXUAL HARASSMENT (QUID PRO QUO)

23) Plaintiff reasserts the allegations of paragraphs 1) through 22) and incorporates them by reference as if set forth herein.

25) Ms. Smith is a member of the class of persons protected by the federal prohibitions against sexual harassment in the workplace.

26) Ms. Smith was subjected to unwelcome sexual harassment in the form of sexual advances, requests and demands for sexual favors. This conduct was directed from Mr. Scioli, and occurred on a consistent basis from June 2005 through January 2007.

27) The harassment Ms. Smith was subjected to was based upon sex.

28) As a result of Ms. Smith's refusal to continue to submit to Mr. Scioli's demands, she was subjected to tangible, adverse employment actions in the form of demotion, loss of pay and benefits, disciplinary action, unpaid suspension, and eventual constructive discharge.

## COUNT II: SEXUAL HARASSMENT (HOSTILE ENVIRONMENT)

29) Plaintiff reasserts the allegations of paragraphs 1) through 28) and incorporates them by reference as if set forth herein.

30) Ms. Smith is a member of the class of persons protected by the federal prohibitions against sexual harassment in the workplace.

31)  Ms. Smith was subjected to unwelcome sexual harassment in the form of sexual advances, requests and demands for sexual favors. This conduct was directed from Mr. Scioli, and occurred on a consistent basis from June 2005 through January 2007.

32)  The harassment Ms. Smith was subjected to was based upon sex.

33)  The harassment Ms. Smith was subjected to affected her terms, conditions, and privileges of employment.

## COUNT III: RETALIATION

34)  Plaintiff reasserts the allegations of paragraphs 1) through 33) and incorporates them by reference as if set forth herein.

35)  On a number of occasions Ms. Smith complained and objected to the continuation of the sexual arrangement. These complaints and objections were directed to Mr. Scioli. On two occasions (in September and December 2006), Ms. Smith attempted to end the sexual arrangement.

36)  In response to her objections and efforts to end the sexual arrangement, Mr. Scioli provided Ms. Smith with written disciplinary warnings, reduced her compensation and benefits of employment, placed her on an unpaid suspension, and eventually caused her constructive discharge. The imposition of these job-related detriments and withholding of job-related benefits were the direct result of Ms. Smith's efforts to end the sexual arrangement, and occurred immediately after she informed Mr. Scioli that the sexual arrangement was over.

37)  The actions and conduct of Synergy constitute retaliation.

7

## COUNT IV: BREACH OF THE IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

38)    Plaintiff reasserts the allegations of paragraphs 1) through 37) and incorporates them by
       reference as if set forth herein.

39)    Synergy, through the actions of its owner and President Mr. Scioli, harbored ill will
       towards Ms. Smith as a result of her threats to and actual termination of the sexual
       arrangement.

40)    Synergy, through Mr. Scioli, intended to cause harm to Ms. Smith by the acts of
       harassment, discrimination and retaliation set forth herein.

41)    The actions of Synergy, through Mr. Scioli, were designed to cause Ms. Smith to fail in
       her job performance, and to cause Ms. Smith to terminate her employment.

42)    The actions of Synergy, through Mr. Scioli, constitute a breach of the implied covenant of
       good faith and fair dealing inherent in every employment contract.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43)    Plaintiff reasserts the allegations of paragraphs 1) through 42) and incorporates them by
       reference as if set forth herein.

44)    Synergy's conduct, through Mr. Scioli, was extreme and outrageous. The behavior of Mr.
       Scioli goes beyond all possible bounds of decency and would be regarded as atrocious
       and intolerable in a civilized community.

45)    The conduct of Synergy, through Mr. Scioli, caused fright, humiliation, embarrassment,
       grief, and shame to Ms. Smith.

8

46)    Ms. Smith's stress and anguish, as a result of the actions of Synergy and Mr. Scioli, was

       more extreme than any reasonable person could be expected to endure.

47)    Synergy, through Mr. Scioli, engaged in the conduct described herein intentionally and/or

       recklessly.

48)    The conduct of Synergy, through Mr. Scioli, caused emotional distress and physical harm

       to Ms. Smith.

       WHEREFORE, plaintiff Tiffany Smith demands judgment in her favor and against

defendant Synergy Direct Mortgage, Inc. in the form of:

   a)    Compensatory damages;

   b)    Punitive damages;

   c)    Back pay;

   d)    Front pay;

   e)    Compensatory and punitive damages caused by emotional distress, including but

         not limited to all medical costs and expenses;

   f)    Damages caused by Synergy's breach of the implied covenant of good faith and

         fair dealing;

   g)    All costs and expenses of this action, including but not limited to court costs,

         reasonable attorney's fees, expert fees, and other costs and expenses as

         appropriate; and

   h)    Such further relief as the Court deems is just and equitable.

9

LAW OFFICES OF G. KEVIN FASIC

By: _____

    G. Kevin Fasic, Esquire (DE 3496)
    1225 King Street, Suite 200
    Legal Arts Building
    Wilmington, DE 19801
    (302) 654-4501 - Telephone
    (302) 654-4406 - Facsimile
    k.fasic@lawgkf.com - E-Mail

Dated: June 12, 2008

10

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Tiffany Smith

**DEFENDANTS**
Synergy Direct Mortgage, Inc.

**(b)** County of Residence of First Listed Plaintiff    New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New Castle
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
G. Kevin Fasic, Esquire, Law Offices of G. Kevin Fasic, LLC
1225 N King St., Ste 200, Wilmington, DE 19801 302-654-4501

Attorneys (If Known)
David H. Williams, Esquire, Morris James LLP    302-888-6900
500 Delaware Ave, Ste 1500, Wilmington, DE 19899

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 362 Personal Injury - Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - Product Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | ☐ 330 Federal Employers' | Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | Liability | Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 345 Marine Product | ☐ 370 Other Fraud | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000 et. seq.
Brief description of cause:
Discrimination based on gender by way of sexual harrassment and retaliation

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
6-12-08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

F 4

Civil Action No. _____ ____ ____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

# *NOTICE OF AVAILABILITY OF A*
# *UNITED STATES MAGISTRATE JUDGE*
# *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____/_____ COPIES OF AO FORM 85.

_____
(Date forms issued)

X _____
(Signature of Party or their Representative)

X _____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action