# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

TIFFANY SMITH,            )
                               )
            Plaintiff,        )
                               )
        v.                   )        Civil Action No. 08-354 SLR
                               )
SYNERGY DIRECT MORTGAGE, INC.,  )        JURY TRIAL DEMANDED
                               )
            Defendant.     )

## DEFENDANT'S ANSWER TO THE COMPLAINT

The opening paragraph sets forth a statement of the case and various legal conclusions to which no responsive pleading is required.

1.       Admitted that Tiffany Smith ("Smith") was employed by Defendant Synergy Direct Mortgage, Inc. ("Synergy") from February 2004 through January 2007. Synergy lacks sufficient information to admit or deny the statement that Smith resides in Delaware.

2.       Denied.  By way of further response, paragraph 2 set forth a legal conclusion as to which no responsive pleading is required; except that Synergy maintains offices at 9 Peddlers Village, Christiana, Delaware and that Don Scioli ("Scioli") is the Owner and President of Synergy.

## JURISDICTION AND VENUE

3.       The allegations in paragraph 3 set forth a legal conclusion as to which no responsive pleading is required.

4.       The allegations in paragraph 4 set forth a legal conclusion as to which no responsive pleading is required.

5.      The allegations in paragraph 5 set forth a legal conclusion as to which no responsive pleading is required.

6.      The allegations in paragraph 6 set forth a legal conclusion as to which no responsive pleading is required.

7.      Synergy is without sufficient information or knowledge to admit or deny the allegations in paragraph 7 and reserves the right to challenge the exhaustion of Administrative remedies and fulfillment of procedural/substantive prerequisites to filing this action.

## FACTS

8.      Admitted that Smith was hired by Synergy in February 2004 and started as a part-time commercial office cleaner.  Synergy is without sufficient information or knowledge to admit or deny the remaining allegations in paragraph 8.

9.      The allegations in paragraph 9 set forth a legal conclusion as to which no responsive pleading is required.  Admitted that within several weeks of her initial employment, Synergy, at Smith's request, expanded her duties and increased her level of compensation.  By May 2004 Synergy developed a full time position for Smith including cleaning, trash removal and mortgage processing assistance.  At that time, Smith received an additional increase in compensation.

10.      Admitted; except the last sentence in paragraph 10 is denied. By way of further answer, although Smith received some positive feedback for her work, she was constantly reminded about her tardiness and absences.

11.      Denied.

12.      Denied.

13.     Denied.

14.     Denied.

15.     The allegations in paragraph 15 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

16.     The allegations in paragraph 16 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

17.     Denied; except admitted that Smith's absenteeism and tardiness forced Synergy to place Smith on an hourly basis and require her to clock in and out.

18.     The allegations in paragraph 18 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied except that Synergy gave Smith a notice dated September 29, 2006 informing Smith that she was suspended without pay due to: no call lateness, repeated lateness, multiple days missed, extended breaks and lunches, failure to clock in and out on a regular basis, and inability to perform duties in a reliable manner.

19.     Denied; except admitted that Smith received written warnings on September 15, 2006 and December 29, 2006 from Synergy.

20.     Denied; except admitted that Smith was given positive feedback when she performed her job functions satisfactorily.

21.     Denied; except admitted that Smith's income was approximately $33,600 in wage income and approximately $26,550 in miscellaneous income (reported on IRS form 1099).

22.     The allegations in paragraph 22 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

## COUNT ONE

23.    Synergy incorporates by reference paragraphs 1 through 22 above.

24.    There is no paragraph 24 in Plaintiff's Complaint.

25.    The allegations in paragraph 25 set forth a legal conclusion to which no responsive pleading is required.

26.    The allegations in paragraph 26 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

27.    The allegations in paragraph 27 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

28.    The allegations in paragraph 28 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

## COUNT 2

29.    Synergy incorporates by reference paragraphs 1 through 28 above.

30.    The allegations in paragraph 30 set forth a legal conclusion to which no responsive pleading is required.

31.    The allegations in paragraph 31 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

32.    The allegations in paragraph 32 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

33.    The allegations in paragraph 33 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

## COUNT 3

34.     Synergy incorporates by reference paragraphs 1 through 33 above.

35.     Denied.

36.     The allegations in paragraph 36 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

37.     The allegations in paragraph 37 set forth a legal conclusion to which no responsive pleading is required.

## COUNT 4

38.     Synergy incorporates by reference paragraphs 1 through 37 above.

39.     Denied.

40.     The allegations in paragraph 40 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

41.     The allegations in paragraph 41 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

42.     The allegations in paragraph 42 set forth a legal conclusion to which no responsive pleading is required.

## COUNT V

43.     Synergy incorporates by reference paragraphs 1 through 42 above.

44.     The allegations in paragraph 44 set forth a legal conclusion to which no responsive pleading is required.  To the extent a response is required, denied.

45.     The allegations in paragraph 45 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

46.     The allegations in paragraph 46 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

47.     The allegations in paragraph 47 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

48.     The allegations in paragraph 48 set forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

WHEREFORE, Defendant Synergy demands judgment against the Plaintiff, that the matter be dismissed, and such other and further relief as the Court finds just and appropriate.

## ADDITIONAL DEFENSES

1.     The complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's intentional infliction of emotional distress claim must be dismissed because an employee's common law claim against his employer for intentional infliction of emotional distress is barred by the exclusivity provision of the Workers' Compensation Act.

3.     The relationship between Mr. Scioli and Smith was consensual and welcome.

4.     Some claims may be barred by the statute of limitations.

5.     Plaintiff failed to comply with the administrative requirements set forth in Title VII (federal law) and Title 19 (state law).

6.     Plaintiff did not engage in protected activity, therefore, her retaliation claim fails as a matter of law.

7.    Plaintiff's own conduct caused, in whole or in part, whatever damages Plaintiff may have suffered.

8.    The Plaintiff may have failed to mitigate her damages.

9.    The Plaintiff was an at-will employee.

10.    The complaint fails to allege that Synergy engaged in fraud, deceit or misrepresentation prior to her resignation.

11.    Plaintiff was not terminated.

12.    Defendant Synergy reserves the right to rely on any further defenses which may become available or apparent through the course of discovery and reserves the right to amend its answer to assert such defenses.

MORRIS JAMES LLP

David H. Williams (#616)
dwilliams@morrisjames.com
James H. McMackin, III (#4284)
jmcmackin@morrisjames.com
Allyson B. James (#4830)
ajames@morrisjames.com
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE  19899
(302) 888-6900/5849
Attorneys for Defendant
Synergy Direct Mortgage, Inc.

Dated:  July 3, 2008

## CERTIFICATE OF SERVICE

I, James H. McMackin, III, hereby certify that on this 3rd day of July, 2008, I have caused the following documents to be served electronically on the parties listed below:

**DEFENDANT'S ANSWER TO THE COMPLAINT**

Online service to:

G. Kevin Fasic, Esquire (#3496)
1225 King Street, Suite 200
Legal Arts Building
Wilmington, DE  19801

_____
James H. McMackin, III (#4284)